UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW MAULE,

        Plaintiff,

v.                                                  Case No. 1:06-CV-236

                                                      Hon. Wendell A. Miles

JIM CRAWFORD, RUSS WAYNE,
JEAN HEWGLEY, and UNKNOWN CHURCH,

        Defendants.

                                         /

OPINION AND ORDER

       This matter is before the court on Plaintiff's Objections to the Magistrate Judge's Order denying Plaintiff's Motion for Order to Compel Discovery. Plaintiff filed this section 1983 case against the Osceola County Sheriff, two deputy sheriffs, and the Osceola County jail administrator. In his pro se complaint, he claims the defendants violated his constitutional rights to substantive and procedural due process, equal protection, and access to the courts, as well as state law claims.

       On November 28, 2006, Plaintiff submitted sixteen interrogatories to Defendant Jim Crawford, and fourteen interrogatories to Defendant Russ Wayne. Plaintiff claims in his motion that answers were due on January 2, 2007, but he did not receive responses until January 16, 2007, and those responses were unsigned; further, he received the properly signed responses on January 19, 2007. He contends that Defendants waived any objections to certain interrogatories by their untimely response, and should, therefore, be compelled to answer all interrogatories they

had objected to. Defendants submitted an affidavit signed by Defendants' attorney averring that Plaintiff received the interrogatories on January 9, 2007, and that an e-mail error between counsel and Defendants, along with the holidays, caused the delay. Defendants argue that this constitutes "good cause" for the delay. The Magistrate Judge rejected Plaintiff's waiver argument, noting that Plaintiff failed to submit evidence that demonstrated that Defendants failed to timely respond or object to the interrogatories.

Defendants acknowledge that the unsigned answers to interrogatories sent to Plaintiff were untimely, and Plaintiff's evidence shows that signed responses were mailed on January 19, 2007. (Dkt. #22, Appendix C, Proof of Service). Accordingly, Plaintiff has established that the responses were untimely. Plaintiff relies on Rule 33(b)(4), which provides that: "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed. R. Civ. P. 33(b)(4). The question is whether Defendants have shown "good cause" for their untimely response. The Defendants have offered a reasonable explanation for their delay. The responses were mailed late due to a communication problem between Defendants and counsel attributable to an e-mail error and the holiday season. There is no indication that the delay was purposeful or motivated by bad faith. Plaintiff does not claim that he has suffered any prejudice because of the delay. I conclude that Defendants' brief delay in providing their responses is excused for good cause.

Plaintiff submitted 16 interrogatories to Defendant Crawford, and now seeks to compel Defendant Crawford to respond to interrogatories 1, 3-10, and 12-15. The Magistrate Judge found that Defendant Crawford had sufficiently responded to interrogatory 15, and the court

agrees.[1]  The Magistrate Judge further found that the remaining interrogatories sought irrelevant information, were unduly burdensome, and were not calculated to lead to admissible evidence. Plaintiff argues that the questions are relevant to his access to the courts claim and the issue of adequate training and supervision, although he offers no explanation of how the information sought is relevant, or how it might lead to admissible evidence.  First, the court concludes that Defendants satisfactorily answered interrogatories 13 and 14.[2]  Secondly, the court agrees with the Magistrate Judge's assessment as to all other challenged interrogatories, which generally, seek information that goes beyond the scope of this lawsuit. For example, the first interrogatory seeks the identity and location of "any and all documents concerning any disciplinary action taken against the Osceola County Jail Administration" since January 1, 1998; interrogatories 3 and 4 seek the identification and location of "any and all" disciplinary action or complaints filed against any of the Defendants.  The interrogatories encompass disciplinary action and complaints totally irrelevant to Plaintiff's cause of action.  In addition, interrogatory 12 asks for the identification and location of all documents in which Osceola County seeks reimbursement from the State of Michigan or Michigan Department of Corrections for Plaintiff's care and housing. Plaintiff fails to articulate how this information could possibly be relevant to his claims or lead to

---

[1] Plaintiff sought the name and address of any person that may know facts relevant to this lawsuit. Defendants provided eight names, indicated the Michigan Department of Corrections employees, and noted that the address of 3 of the named was unknown.

[2] Interrogatory 13: identify and state the location of any all documents concerning certifications granted to Osceola County that reflect that Osceola County's standards and requirements for the training of its Corrections Officers equals or exceeds the standards and requirements set forth by the Sheriff's Coordinating and Training Council, under the Correction Officers Training Act.  Defendant objected, but answered that none of the named defendants possessed the requested information.  Interrogatory 14: Identify and state the location of any and all documents reflecting the minimum standards and requirements for local correction officers (approved by the Sheriff's Coordinating and Training Council) that were in effect for the year 2005.  Defendant responded, "Michigan legislature Local Corrections Officers Training Act, Act 125 of 2003."

admissible evidence.

Plaintiff submitted 14 interrogatories to Defendant Wayne, and seeks to compel the defendant to answer interrogatories 1, 3-9, and 11-12.  The court agrees with the Magistrate Judge that Defendant Wayne sufficiently answered interrogatory 3.[3]  The remainder of the interrogatories are generally as overly broad or irrelevant as those presented to Defendant Crawford.[4]  As with the Defendant Crawford interrogatories, Plaintiff has made no specific objections to any of the interrogatories that would support his generic argument that none of the interrogatories are overly broad or irrelevant.

Federal Rule of Civil Procedure 26(b) authorizes parties to discover any unprivileged evidence or information relevant to their claims.  The discovery rules, however, are not without limits.  Scales v. J.C. Bradford & Co., 925 F.2d 901, 906 (6th Cir. 1991).  They are "not intended as a broad license" to engage in "fishing expeditions." Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 59 (1st Cir. 2006); accord Surles ex rel. Johnson v. Greyhound Lines, 474 F.3d 288, 305 (6th Cir. 2007); Nat'l Union Fire Ins. Co. V. Stroh Cos., 265 F.3d 97, 117 (2d Cir. 2001); Anthony v. United States, 667 F.2d 870, 880 (10th Cir. 1981).  The Magistrate Judge's decision to deny Plaintiff's motion to compel was based upon proper legal analysis, and was not an abuse of discretion.

Therefore, the court OVERRULES the Plaintiff's Objections (dkt. ##32, 33), and

---

[3]Plaintiff asked for the names and titles of all staff between March 25, 2005 through April 13, 2005.  Defendant referred to his response to interrogatory 2, in which he had listed the names and titles of staff members during the relevant time period.

[4]For example, interrogatory 5 asks for the name and jail identification number of everyone booked into the Osceola County Jail from January 1, 2004 through April 20, 2006 on parole violation charges; Interrogatory 7 asks for the name and jail identification number of everyone booked into the Osceola County Jail from January 1, 2004 through April 20, 2006 on parole violation charges, who filed grievances.  Plaintiff fails to explain the relevancy.

AFFIRMS the Magistrate Judge's Order Denying Plaintiff's Motion to Compel Discovery (dkt. #29).

So ordered this 16th day of May, 2007.

                                                  /s/ Wendell A. Miles
                                                Wendell A. Miles
                                                Senior U.S. District Judge