UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW MAULE,

   Plaintiff,           Hon. Wendell A. Miles

v.                  Case No. 1:06-CV-236

JIM CRAWFORD, et al.,

   Defendants.

_____/

**ORDER**

   This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint, (dkt. #54), and Defendants' Motion to Dismiss and/or for Summary Judgment, (dkt. #58). As discussed below, Plaintiff's motion is **granted** and Defendants' motion is **denied without prejudice**.

   Plaintiff seeks to amend his complaint a second time to add additional claims against two defendants, dismiss certain claims asserted in his first amended complaint, and correct other errors therein. Defendants oppose Plaintiff's request. Several weeks after Plaintiff moved for leave to file his second amended complaint, Defendants moved for dismissal of Plaintiff's first amended complaint or, in the alternative, for summary judgment as to the claims asserted therein.

   Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint shall be "freely given when justice so requires." The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *See Wade v. Knoxville Utilities Board*, 259 F.3d 452,

458 (6th Cir. 2001). Notice and substantial prejudice to the opposing party are the "critical factors" in determining whether an amendment should be granted. *Id.* at 458-59.

The Court finds no evidence of undue delay or bad faith in this matter. Also, while Plaintiff has once already amended his complaint, the Court does not find that Plaintiff has repeatedly failed to "cure" his previous complaints. In this respect, the Court notes that Plaintiff is a layperson proceeding without benefit of counsel. The factual basis for the additional claims which Plaintiff seeks to add in his second amended complaint was articulated in his first amended complaint. Thus, Plaintiff is not seeking to add claims based on newly asserted facts. Thus, the Court finds that Defendants were given sufficient notice of these claims and will not suffer prejudice as a result of granting Plaintiff's motion. These particular factors, therefore, weigh in favor of granting Plaintiff's motion.

Defendants have opposed Plaintiff's motion on the ground that it would be futile to allow Plaintiff to amend his complaint. As Defendant correctly asserts, "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). The Court concludes, however, that at least two of the additional claims asserted in Plaintiff's proposed amended complaint do withstand 12(b)(6) analysis.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in his favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his proposed second amended complaint, Plaintiff asserts that Defendants Youngs and Genter deprived him of the right to due process at his preliminary parole violation hearing. According

to Plaintiff, Defendant Youngs unlawfully denied his request to present the testimony of Larry Claybough. Plaintiff further asserts that Defendant Genter improperly denied his request to admit into evidence certain documentary evidence.

In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court addressed the question of what process an individual is due before his parole status can be revoked. The Court concluded that an individual is entitled to two separate hearings, a preliminary hearing and a final revocation hearing, prior to the termination of his parole status. *Id.* at 484-89. The Court declined to "write a code of procedure" applicable to parole revocation hearings, but instead identified the "minimum requirements of due process" which must be respected at such hearings. *Id.* 488-89. Such minimum requirements include (among other things) the right to present witnesses and documentary evidence. *Id.* at 489; *see also*, *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973); *Merlino v. Michigan Department of Corrections*, 2006 WL 176422 at *1 (E.D. Mich., Jan. 24, 2006) (citing *Gagnon*, 411 U.S. at 786).

Plaintiff asserts that Defendants Youngs and Genter unlawfully refused his requests to admit documentary evidence and present testimony from Larry Claybough. The Court finds that Plaintiff's allegations survive 12(b)(6) scrutiny and do not, therefore, constitute futile amendments. Accordingly, this final factor weighs in favor of granting Plaintiff's motion to amend his complaint. The Court, therefore, **grants** Plaintiff's motion to amend his complaint. Plaintiff's proposed amended complaint, (dkt. #54, exhibit A), shall be accepted for filing. **The Court will not, however, entertain any further motions by Plaintiff to amend or supplement his complaint**.

The Clerk of the Court shall issue summonses for Defendants Youngs and Genter and return them to Plaintiff. Because Plaintiff is not proceeding as a pauper in this matter, he is responsible for service of summons and complaint upon Defendants Youngs and Genter. As for Defendants

Crawford, Wayne, Hewgley, and Church, Plaintiff is responsible for serving Defendants with copies of his second amended complaint.

The Court does not want to litigate the claims asserted in Plaintiff's second amended complaint in a piecemeal fashion. Accordingly, Defendants' motion to dismiss and/or for summary judgment, filed in response to Plaintiff's first amended complaint, is hereby **denied without prejudice**. Defendants are certainly entitled to submit a dispositive motion with respect to the claims asserted in Plaintiff's second amended complaint.

In sum, for the reasons articulated herein, Plaintiff's Motion for Leave to File an Amended Complaint, (dkt. #54), is **granted**, and Defendants' Motion to Dismiss and/or for Summary Judgment, (dkt. #58), is **denied without prejudice**.

IT IS SO ORDERED.

Date: January 22, 2008  /s/ Wendell A. Miles
Hon. Wendell A. Miles
United States District Judge